IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CHRISTOPHER MARK GRADY,       )
# 303669,                     )
                              )
        Petitioner,           )
                              )        Civil Action No.
 v.                           )        2:19-cv-356-WHA-SRW
                              )            (WO)
PATRICE RICHIE, et al.,       )
                              )
        Respondents.          )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is Alabama inmate Christopher Mark Grady's petition for writ of habeas corpus under 28 U.S.C. § 2254, by which Grady challenges his 2016 Montgomery County guilty plea convictions for robbery, burglary, kidnapping, and impersonating a police officer. Doc. 1.[1] As discussed below, the court finds that Grady's petition is time-barred by the AEDPA's one-year statute of limitations, 28 U.S.C. § 2244(d).

## I.    BACKGROUND

### A.    State Court Proceedings

On March 21, 2016, in the Montgomery County Circuit Court, Grady pled guilty under a plea agreement to robbery in the first degree (Ala. Code § 13A-8-41); burglary in the first degree (Ala. Code § 13A-7-5); kidnapping in the first degree (Ala. Code § 13A-6-43); and impersonating a police officer (Ala. Code § 13A-10-11). Doc. 15-1 at 13–17. On

---

[1] References to "Doc(s)." are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

that same date, the trial court sentenced Grady to concurrent terms of 50 years in prison for each conviction. Doc. 15-1 at 14, 17. The plea agreement contained a provision under which Grady waived his right to appeal any issue, either directly or indirectly.[2] Doc. 15-1 at 19. Grady did not appeal.

On March 23, 2017, Grady filed in the trial court what he styled as a "'notice' of his intention" to file a petition for postconviction relief under Rule 32 of the Alabama Rules of Criminal Procedure. Doc. 15-1 at 3–4. However, Grady did not file a Rule 32 petition until September 21, 2017. Doc. 15-1 at 5. In his Rule 32 petition, Grady presented claims that he received ineffective assistance of counsel; that newly discovered material facts required that his conviction and sentence be vacated; that the trial court improperly considered his prior convictions at sentencing; that he was prejudiced by the waiver of a presentence report; and that he was prejudiced by statements from the victim's daughter at his sentencing. *See* Doc. 15-1 at 5, 23.

In December 2017, the State filed an answer arguing that the claims in Grady's Rule 32 petition were time-barred under the one-year limitation period in Ala. R. Crim. P. 32.2(c), insufficiently pleaded, and meritless.[3] Doc. 15-1 at 5–12.

---

[2] Another provision of the plea agreement was that the State would recommend that Grady be sentenced to 50 years in prison, which was the sentence imposed by the trial court. Doc. 5-1 and 19.

[3] With its answer, the State submitted an affidavit from Grady's trial counsel in which counsel averred that, prior to Grady's guilty plea, he thoroughly discussed the case with Grady, including the evidence that could be brought against Grady; that he fully advised Grady about his rights, the procedures for criminal trials, and the risks of going to trial compared to pleading guilty; that he explained to Grady the possible sentence he faced and the matters the trial court could take into account in sentencing him; that he fully explained the terms of the plea agreement to Grady; and that, in his professional opinion, Grady intelligently, knowingly, and voluntarily signed the plea agreement in which he agreed to accept a sentence of 50 years. Doc. 15-1 at 11.

On January 10, 2018, the trial court entered an order denying Grady's Rule 32 petition on grounds that it was time-barred because it was not filed until September 21, 2017; was barred by the waiver provision in the plea agreement; and presented claims that were insufficiently pleaded and meritless. Doc. 15-1 at 23–24.

Grady did not initially appeal from the trial court's order denying his Rule 32 petition. However, on July 6, 2018, Grady filed a second Rule 32 petition in the trial court, this time seeking an out-of-time appeal from the denial of his first Rule 32 petition and arguing that his failure to file  a timely appeal was through no fault of his own.[4] Doc. 15-2 at 7–19. On July 19, 2018, the trial court entered an order granting Grady an out-of-time Rule 32 appeal. Doc. 15-2 at 22.

On Grady's Rule 32 appeal, the State moved to have the record supplemented with a copy of Grady's original (September 21, 2017) Rule 32 petition. Doc. 15-3 at 11–13. Grady objected to the State's efforts. A copy of the Rule 32 petition was never made a part of the record. In his appellate brief, Grady argued that the trial court erred in denying his Rule 32 petition without conducting an evidentiary hearing, by denying his claim that he received ineffective assistance of counsel, and by denying his claim that the State's evidence of his prior felonies was insufficient. Doc. 15-4. The State argued in response that the trial court correctly found Grady's Rule 32 petition to be time-barred and also correctly

---

[4] Rule 32.1(f) of the Alabama Rules of Criminal Procedure provides the proper method to seek an out-of-time appeal from a conviction and sentence or from the dismissal or denial of a Rule 32 petition where a petitioner can show the failure to appeal was without fault on the petitioner's part. *See Wrenn v. Toney*, 2021 WL 4234960, at *3 (N.D. Ala. Aug. 24, 2021); *Ex parte Stephens*, 907 So. 2d 1094, 1095–96 (Ala. Crim. App. 2005). Grady asserted that he did not receive the trial court's January 10, 2018 order denying his Rule 32 petition in time to file an appeal because he had been transferred to a different prison and did not receive notice of the trial court's ruling until it was too late to file an appeal.

determined that his claims lacked merit. Doc. 15-5 at 13–17. In addition, the State argued

that because Grady's Rule 32 petition was not made a part of the record on appeal, the

Alabama Court of Criminal Appeals had no basis to find the trial court to be incorrect. Doc.

15-5 at 10–13.

On January 4, 2019, the Alabama Court of Criminal Appeals issued a memorandum

opinion affirming the trial court's denial of Grady's Rule 32 petition. Doc. 15-7. The

Alabama Court of Criminal Appeals held that it could not review the denial of the Rule 32

petition because the record on appeal did not include a copy of the petition and was

therefore incomplete. Doc. 15-7 at 2. Specifically, the Alabama Court of Criminal Appeals

stated:

> The Rule 32 petition that is the subject of this appeal does not appear in the
> record on appeal. As such, this Court cannot review the circuit court's
> dismissal of Grady's petition. "It is the appellant's burden to provide a
> reviewing court with a complete record on appeal." *Wilson v. State*, 727
> So.2d 869, 870 [(1998)] (citing *Wilkerson v. State*, 686 So.2d 1266 (Ala.
> Crim. App. 1996)).

Doc. 15-7 at 2. The Alabama Court of Criminal Appeals further stated:

> [T]he exhibits Grady has attached to his petition will not be considered on
> appeal. "'[A]ttachments to briefs are not considered part of the record and
> therefore cannot be considered on appeal.'" *Morrow v. State*, 928 So.2d 315,
> 320 n.5 (Ala. Crim. App. 2004) (quoting *Huff v. State*, 596 So.2d 16, 19 (Ala.
> Crim. App. 1991)).

Doc. 15-7 at 2 n.3.

Grady filed no application for rehearing, and on January 19, 2019, the Alabama

Court of Criminal Appeals issued a certificate of judgment. Doc. 15-8. Grady subsequently

requested that the Alabama Court of Criminal Appeals recall its certificate of judgment and

grant him a 30-day enlargement of time to apply for rehearing. However, the Alabama Court of Criminal Appeals denied Grady's request. Doc. 15-9.

## B.    Grady's § 2254 Petition

On May 9, 2019, Grady, proceeding pro se, filed a § 2254 petition in this court. Doc. 1 at 1–29. Grady sets forth his claims in a rambling fashion, and it is difficult to discern his stated grounds for relief, although they seem to center on various allegations of ineffective assistance of counsel. To the extent that his claims may be understood, Grady appears to assert that his counsel rendered ineffective assistance by inadequately investigating the facts in his case; failing to submit the State's case to any adversarial testing; failing to challenge the search of Grady's vehicle conducted after Grady's arrest; failing to challenge a search of Grady's wife; failing to raise issues of Grady's competency at the time of his crimes; failing to confirm "the status" of Grady's prior convictions; and failing to consult Grady about filing a direct appeal. Doc. at 1 at 15-27. Grady maintains that he presented these claims in his Rule 32 petition. Doc. at 17 at 15.

Respondents argue that Grady's § 2254 petition is time-barred under the one-year statute of limitations in 28 U.S.C. § 2244(d) and that, therefore, his claims are not subject to review. Doc. 15. The court agrees and, consequently, finds that Grady's petition should be DENIED without an evidentiary hearing and that this case should be DISMISSED with prejudice.

## II.   DISCUSSION

## A.    AEDPA's One-Year Statute of Limitations

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## B.    Timeliness of Grady's § 2254 Petition

As a general rule, a petition for writ of habeas corpus under § 2254 must be filed within a year of the date on which the petitioner's judgment of conviction becomes final, either by the conclusion of direct review or by the expiration of the time for seeking direct review. *See* 28 U.S.C. § 2244(d)(1)(A); *Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006). Grady was convicted and sentenced on March 21, 2016. Under Alabama law, he had 42 days from sentencing to file an appeal. Ala. R. App. P. 4(b)(1); *see Womack v. State*, 684 So. 2d 167 (Ala. Crim. App. 1995). However, Grady did not appeal. Therefore, under

28 U.S.C. § 2244(d)(1)(A), his conviction became final, and the AEDPA's one-year statute of limitations began to run, on May 2, 2016—i.e., 42 days after his March 21, 2016 sentencing. Absent some tolling event, whether statutory or equitable, Grady had until May 2, 2017 to file a timely § 2254 petition.

### 1. Statutory Tolling

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Although Grady filed a Rule 32 petition on September 21, 2017, that filing (and all related proceedings that followed) had no tolling effect under § 2244(d)(2), because the AEDPA's limitation period ran unabated for the full year from May 2, 2016, to May 2, 2017, and thus had expired before the Rule 32 petition was filed. "[O]nce a deadline has expired, there is nothing left to toll." *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004). "A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to federal habeas review. *Id.*; *see also Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001).

Grady asserts that the "'notice' of his intention" to file a 32 petition that he submitted to the trial court on March 23, 2017, constituted a Rule 32 petition, apparently for purposes of tolling under § 2244(d)(2). Doc. 17 at 5-6. However, the March 2017 filing did not constitute a Rule 32 petition, much less a "properly filed" Rule 32 petition—which is a requirement for such a petition to effect tolling under § 2244(d)(2). The March 2017 filing set forth no claims for relief, and it was not recognized as a Rule 32 petition by the trial court in its January 10, 2018 order denying Grady's September 21, 2017 Rule 32

petition on grounds which included the fact that the petition was time-barred under the one-year limitation period in Ala. R. Crim. P. 32.2(c). *See* Doc. 15-1 at 3-4, 23–24. Equally important, Grady's March 2017 filing was not submitted with the filing fee for Rule 32 petitions or an application to proceed in forma pauperis. For purposes of tolling under § 2244(d)(2), a Rule 32 petition is not considered "properly filed" unless it is submitted with the filing fee or with a proper application to proceed in forma pauperis. *See Herring v. Carter*, 2020 WL 8084989, at *3 (M.D. Ala. Dec. 7, 2020); *Kimber v. Jones*, 2013 WL 1346742, *3–5 (N.D. Ala. Feb. 22, 2013); *Phillips v. Culliver*, 2009 WL 3414280, *4 (S.D. Ala. Oct. 16, 2009). Because these conditions were not satisfied by Grady's March 2017 "'notice' of his intention" to file a 32 petition, that filing was not a "properly filed" state postconviction petition with a tolling effect under § 2244(d)(2).[5]

The AEDPA's other tolling provisions, as set out in 28 U.S.C. § 2244(d)(1)(B)–(D), provide no safe harbor for Grady to be allocated a different triggering date for the AEDPA's limitation period that commences on some date later than May 2, 2016, or expires on some date later than May 2, 2017. No evidence before the court establishes that an unlawful state action impeded Grady from filing a timely § 2254 petition, *see* 28 U.S.C. § 2244(d)(1)(B), and Grady presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," *see* 28 U.S.C. § 2244(d)(1)(C). Finally, Grady submits no ground for relief with

---

[5] The fact that Grady's March 2017 "'notice' of his intention" to file a 32 petition was initially docketed as a Rule 32 petition by the clerk of the trial court is not dispositive of the question of whether the filing was in fact a Rule 32 petition, or whether it would be considered as a Rule 32 petition by the trial court (which it was not), much less whether the filing constituted a "properly filed" Rule 32 petition for purposes of § 2244(d)(2) tolling.

a factual predicate not discoverable earlier with due diligence. *See* 28 U.S.C. § 2244(d)(1)(D).

In the instant case, the AEDPA's statute of limitations expired on May 2, 2017. Grady filed his § 2254 petition on May 9, 2019. Therefore, his § 2254 petition was not timely filed in this Court.

### 2.    Equitable Tolling

The AEDPA's statute of limitations may be equitably tolled on grounds besides those in § 2244(d) of the habeas statute if a petitioner untimely files "because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "[E]quitable tolling is an extraordinary remedy, . . . limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). The U.S. Supreme Court has held that a habeas petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). "The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter*, 587 F.3d at 1308.

Grady appears to argue for equitable tolling in his case on grounds that his trial counsel "abandoned" him by failing to file a direct appeal on his behalf when, he says, he wanted counsel to file an appeal (even though his plea agreement contained a provision under which he waived his right to appeal his conviction and sentence). Doc. 17 at 2–3. Grady maintains that counsel's alleged abandonment was an extraordinary circumstance

that put him in the position of trying to figure out how to file an appeal on his own, which he failed to do. Doc. 17 at 3.

For a habeas petitioner to obtain relief through equitable tolling, there must be a causal connection between the alleged extraordinary circumstance and the untimely filing of the habeas petition. *See San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 1999); *Lawrence v. Florida*, 421 F.3d 1221, 1226–27 (11th Cir. 2005). "[I]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003).

Grady fails to establish a causal connection between the alleged extraordinary circumstance in his case—i.e., his counsel's failure to file a direct appeal on his behalf—and the tardiness of his § 2254 petition. He does not show that circumstances existed that made it impossible for him to file a timely § 2254 petition, and he does not demonstrate reasonable diligence on his part to protect his rights. Ample time remained for Grady to file a timely § 2254 petition (and ample time also remained for him to file a timely Alabama Rule 32 petition) when the time for him to file a direct appeal expired on May 2, 2016. However, Grady waited until May 9, 2019, to file his § 2254 petition and, before that, he pursued litigation in the state courts that had no tolling effect on the AEDPA's limitation period.

Grady fails to meet his burden of establishing his entitlement to equitable tolling. His § 2254 petition is time-barred under the AEDPA's statute of limitations.[6] For this reason, his claims for habeas relief merit no further review.

**C.    Grady's Claims Are Also Procedurally Barred.**

Even if Grady's § 2254 petition were not time-barred, he would be entitled to no relief because his claims are procedurally barred. Grady states that he presented the claims in his § 2254 petition to the trial court in his Rule 32 petition. Doc. at 17 at 15. After the Alabama Court of Criminal Appeals affirmed the trial court's denial of Grady's Rule 32 petition, Grady did not pursue his claims in an application for rehearing, and he filed no petition for writ of certiorari with the Alabama Supreme Court. His failure to present his claims through one complete round of state-court review means they are unexhausted.[7] *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010). Any attempt by Grady to reassert the claims in state court would be futile because untimely and previously asserted in a Rule 32 petition. Ala. R. Crim. P. 32.2(b) and (c). "[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion

---

[6] The AEDPA's statute of limitations can be overcome by a credible showing of actual innocence. *McQuiggin v. Perkins,* 569 U.S. 383, 393–94 (2013). Habeas petitioners asserting actual innocence as a gateway to review of time-barred or defaulted or claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Grady makes no claim or credible showing of actual innocence as a gateway for review of the claims in his time-barred petition.

[7] To exhaust a claim challenging a conviction and/or sentence issued by an Alabama state court, the petitioner must first present the claim to the state court, either through a direct appeal or a Rule 32 post-conviction petition and appeal therefrom. *See Smith v. Jones*, 256 F.3d 1135, 1140–41 (11th Cir. 2001). Thereafter, the petitioner must seek rehearing in the Alabama Court of Criminal Appeals and file a petition for a writ of certiorari in the Alabama Supreme Court. *See id.*; Ala. R. App. P. 39, 40.

requirement would now find the claims procedurally barred[,] . . . there is a procedural default for purposes of federal habeas." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (citations omitted); *see Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003). Therefore, Grady's claims are procedurally defaulted.

A habeas petitioner can overcome a procedural default either through showing cause for the default and resulting prejudice, *Murray v. Carrier*, 477 U.S. 478, 488 (1986), or establishing a "fundamental miscarriage of justice," which requires a colorable showing of actual innocence, *Schlup v. Delo*, 513 U.S. 298, 324–27 (1995). Grady offers no valid grounds as cause excusing the procedural default of his claims, and he fails to present a colorable claim of actual innocence as a gateway for review of his defaulted claims. Because he fails to demonstrate either cause and prejudice or his actual innocence to excuse his procedural default, his claims are foreclosed from federal habeas review.[8]

## III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Grady's § 2254 petition be DENIED as time-barred and that this case be DISMISSED with prejudice, because the petition was filed after expiration of the statute of limitations prescribed by 28 U.S.C. § 2244(d).

---

[8] In its memorandum opinion affirming the trial court's denial of Grady's Rule 32 petition, the Alabama Court of Criminal Appeals held that it could not review the trial court's decision because the record on appeal did not include a copy of the petition and was therefore incomplete. Doc. 15-7 at 2. The Alabama Court of Criminal Appeals' application of this bar to review of Grady's claims was an "adequate and independent state procedural ground" for denying relief. *See Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992); *Marek v. Singletary*, 62 F.3d 1295, 1301–02 (11th Cir. 1995). This procedural rule is firmly established and regularly followed by Alabama appellate courts. *See Wilson v. State*, 727 So.2d 869, 870 (1998); *Wilkerson v. State*, 686 So.2d 1266 (Ala. Crim. App. 1996). Consequently, Grady's claims are procedurally defaulted for this reason, as well. Grady comes forward with no valid grounds as cause excusing his procedural default.

It is further ORDERED that the parties shall file any objections to this Recommendation **by May 3, 2022**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc*., 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, on this the 18th day of April, 2022.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge